UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL DAWSON,

    Petitioner,

v.                                                                        Case No. 97-80227

UNITED STATES OF AMERICA,                      HONORABLE AVERN COHN

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION
REQUESTING A DOWNWARD DEPARTURE**

I.

This is a criminal case.  In 1998, Petitioner Defendant Cecil Dawson (Dawson) pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841 and was sentenced to 120 months incarceration.

Before the Court is Dawson's motion requesting a downward departure, to which the government has responded.  For the reasons that follow, the motion is DENIED.

II.

This case has a long procedural history.  On February 23, 1998, Dawson pled guilty to Count 1 of the First Superceding Indictment, charging him with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841.  The Rule 11 agreement provided that Dawson's sentence not exceed 214 months, and that if the government filed a motion for a downward departure under U.S.S.G. § 5K1.1 for Dawson's substantial assistance, Dawson's sentenced would not be greater than 150

months. The probation department calculated Dawson's sentencing guideline range to be 210 to 262 months. The government did file a motion for downward departure and recommended a sentence of no more than 151 months. The motion was granted and on December 10, 1998, Dawson was sentenced to 120 months incarceration, noting that Dawson's sentence departed from the guidelines range because of his substantial assistance.

On July 13, 1999, Dawson filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the grounds that his counsel was ineffective for failing to advise him of the defense of entrapment and for failing to argue fundamental facts which would have resulted in a lower sentence. The Court denied the motion for lack of merit. As to Dawson's sentence, the Court stated that "he [Dawson's counsel] negotiated a favorable plea agreement, i.e. the Court granted the government's motion under USSG § 5K1.1 and departed downward to 120 months from a sentencing range of 210-262 months." See Order Denying Petition to Vacate Sentence Under 28 U.S.C. § 2255, filed February 1, 2000. A certificate of appealability was denied. See Order Denying Certificate of Appealability, filed June 6, 2000.

Thereafter, in August of 1999 and in April 2000, Dawson testified for the prosecution in the Forty-Fifth B Judicial District of Oak Park in an unrelated child molestation case.

On February 28, 2000, Dawson filed a "Rule 35" motion seeking a further reduction of his sentence based on his testimony in state court. The Court denied the motion for lack of jurisdiction, as Dawson's appeal of the denial of his § 2255 was pending in the Court of Appeals for the Sixth Circuit, which was later dismissed on

Dawson's motion in September 2000.

On November 2, 2001, Dawson an application for writ of coram nobis, seeking to compel the government to file a motion for downward departure under Fed. R. Crim. P. 35 because of Dawson's testimony in state court.  The government filed a response, contending that a writ of coram nobis is not available to Dawson and alternatively, the government has fully evaluated Dawson's request for a further reduction of his sentence and has concluded that no further reduction is appropriate.  The Court agreed with the government and denied the motion and stated in relevant part: "the Court is satisfied that there is no basis for granting Dawson a further reduction in his sentence, regardless of the importance of his testimony in state court.  As it was, Dawson's 120 month sentence represents a departure of almost 60% from his minimum guideline range of 210 months."  See Memorandum and Order Denying Application for Writ of Coram Nobis, filed April 2, 2002.  Petitioner moved for reconsideration, which was also denied.  See Order Denying Defendant's Motion for Reconsideration, filed April 23, 2005.

On March 7, 2005, Dawson filed the instant motion.[1]

### III.

By the instant motion, he seeks to compel the government to file a motion for downward departure under 18 U.S.C. § 3553, Fed. R. of Crim. P. 35, and/or U.S.S.G. § 5K1.1.  This is yet another attempt by Dawson to obtain a further reduction of his

---

[1]The government was directed to file a response by July 18, 2005.  However, due to the departure of the original Assistant United States Attorney, a response was not filed until September 28, 2005.

sentence. As the government points out, the Court does not have jurisdiction to review the government's decision not to request a further downward departure unless it is alleged that the government's refusal is based on unconstitutional motives, such as race. See United States v. Moore, 225 F.3d 637, 641 (6th Cir. 2000). There is no evidence of unconstitutional motives in this case, nor does Dawson make such an allegation. Rather, Dawson continues to argue that his testimony in the unrelated state case entitles him to a further reduction. As the Court has previously stated, there is no basis for granting Dawson a further reduction in his sentence.

      SO ORDERED.

                              s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

Dated: October 6, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2005, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager
                              (313) 234-5160